# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER MURRAY,** <br> **CHAPTER 7 TRUSTEE,** <br><br> Plaintiff, <br><br> v. <br><br> **BOLLORE LOGISTICS USA, INC.,** <br><br> Defendant. | § § § § § § § § § § § § § | **Civil Action No. 4:22-cv-1642** |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, BOLLORE LOGISTICS USA, INC. ("***Defendant***") and hereby files its' Original Answer (the "***Answer***") to the Original Complaint of PLAINTIFF CHRISTOPHER R. MURRAY, CHAPTER 7 TRUSTEE (hereinafter referred to as "***Plaintiff***") (the "***Complaint***") [***Dkt. #1***] and in support thereof would respectfully show as follows:

## SUMMARY OF COMPLAINT

1. Defendant admits that the Trustee is attempting to recover transfers made to Defendant from Debtor QAI (the "Debtor") in the two years before the filing of Debtor's bankruptcy petition, but denies that the Trustee is entitled to this recovery, as alleged in the first sentence of Paragraph No. 1 of the Complaint. Defendant admits that $944,688.44 of transfers were made by the Debtor but denies that the Debtor was insolvent at the time the transfers were made with regards to the allegations contained in the second sentence of Paragraph No. 1 of the Complaint. Defendant lacks sufficient information at this time to admit or deny the allegations contained in the third sentence of Paragraph No. 1 of the Complaint, and so therefore denies.

---

[1] The Reorganized Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification numbers are: Q'Max America Inc. (2319) and Anchor Drilling Fluids USA, LLC (5395).

2. Defendant denies the allegations contained in Paragraph No. 2 of the Complaint.

3. Defendant denies the allegations contained in Paragraph No. 3 of the Complaint.

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

4. Defendant admits the allegations contained in Paragraph No. 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph No. 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph No. 6 of the Complaint.

## THE PARTIES

7. Defendant admits the allegations contained in Paragraph No. 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph No. 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendant admits the allegations contained in Paragraph No. 9 of the Complaint.

10. Defendant is without sufficient information to admit or deny when the Debtor began to make late payments, or any other information regarding when payments started becoming later, so therefore denies the allegations contained in Paragraph No. 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph No. 11 of the Complaint.

12. Defendant admits the allegations contained in Paragraph No. 12 of the Complaint.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 13 of the Complaint, and so therefore denies.

14. Defendant denies the allegations contained in Paragraph No. 14 of the Complaint.

15. Defendant is without sufficient information to admit or deny the allegations contained in the first sentence of Paragraph No. 15 of the Complaint, and so therefore denies.  Defendant denies the allegations contained in the second sentence of Paragraph No. 15 of the Complaint.

16. Defendant admits the list of payments contained in Paragraph No. 16 of the Complaint. Defendant denies the remainder of paragraph 16.

17. Defendant denies the allegations contained in Paragraph No. 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph No. 18 of the Complaint.

## CAUSES OF ACTION

### CLAIM 1 – FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 548 AND 550

19. Defendant admits the realleging and incorporation as stated in Paragraph No. 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph No. 20 of the Amended Complaint.

21. Defendant denies the allegations contained in Paragraph No. 21 of the Amended Complaint.

22. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 22 of the Complaint with regards to the Debtor's late payments, and so therefore denies.

23. Defendant denies the allegations contained in Paragraph No. 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph No. 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph No. 25 of the Complaint.

### CLAIM 2 – ALTERNATIVE RELIEF: AVOIDANCE OF PREFERENCE PAYMENTS PURSUANT TO 11 U.S.C. § 547(b)

26. Defendant admits the realleging and incorporation as stated in Paragraph No. 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph No. 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph No. 28 of the Complaint, save the statement that the Debtor was insolvent, which Defendant denies.

29. Defendant admits the allegations contained in Paragraph No. 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph No. 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph No. 31 of the Complaint.

### CLAIM 3 – TEXAS UNIFORM FRAUDULENT TRANSFERS ACT

32. Defendant admits the realleging and incorporation as stated in Paragraph No. 32 of the

Complaint.

33. Defendant denies the allegations contained in Paragraph No. 33 of the Complaint.

34. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph No. 34 of the Complaint and so therefore denies.

35. Defendant denies the allegations contained in Paragraph No. 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph No. 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph No. 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph No. 38 of the Complaint.

## CONSTRUCTIVE TRUST

39. Defendant denies that the Plaintiff is entitled to a constructive trust in the transfers made to Defendant, as alleged in Paragraph No. 39 of the Complaint.

## TURNOVER OF PAYMENTS UNDER 11 U.S.C. § 542

40. Defendant denies the allegations contained in the first sentence of Paragraph No. 40 of the Complaint, specifically that the transfers to Defendant are property of the Bankruptcy Estate. Defendant admits the allegations contained in the second sentence of Paragraph No. 40 of the Complaint. Defendant admits that the Trustee is seeking turnover of the transfers as alleged in the third sentence of Paragraph No. 40 of the Complaint, but denies that the Trustee is entitled to the requested turnover.

## ATTORNEY'S FEES

41. Defendant denies as that the Plaintiff is entitled to recover his attorney's fees as alleged in Paragraph No. 41 of the Complaint.

## PRE-AND POST-JUDGMENT INTEREST

42. Defendant denies that Plaintiff is entitled to pre-and post-judgment interest as alleged in Paragraph No. 42 of the Complaint.

## PRAYER

43. Defendant denies that Plaintiff is entitled to any of the relief requested by Plaintiff and asks

that this Court find that Plaintiff take nothing on his claims, and that Defendant receive such other and further relief to which Defendant may be entitled, at law or in equity.

## AFFIRMATIVE DEFENSES

44. The transfers made to Defendant were made on a debt incurred by the debtor in the ordinary course of business and paid in the ordinary course of business or according to ordinary business terms pursuant to 11 U.S.C. Sec. 547(c)(2).

45. Defendant gave new value to Debtors after the date of the transfers as provided by 11 U.S.C. Sec. 47(c)(4).

46. Debtors are estopped to deny that the payments were made on debts incurred by the Debtors because Debtors directed that the invoices for Defendant's services be made to Debtor.

47. Plaintiff's claims are barred by the doctrine of *in pari delicto*.

48. The subject transfers were made in the ordinary course of business or financial affairs between Defendant and Debtors.

## JURY DEMAND

49. Defendant demands trial by jury.

Respectfully submitted,

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 476-9103
Facsimile: (512) 476-9253
cmurnane@bn-lawyers.com
phammer@bn-lawyers.com
ssather@bn-lawyers.com

By:   */s/ Paul J. Hammer*
Stephen W. Sather
State Bar No. 17657520
Charles I. Murnane
State Bar No. 24074775
Paul J. Hammer

        State Bar No. 24089307
**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

By my signature below, I hereby certify that July 26, 2022, a true and correct copy of the foregoing document was served on the parties listed below via electronic transmission.

**MCDOWELL HETHERINGTON LLP**
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
Matthew Caldwell
Texas Bar No. 24107722
1001 Fannin Street, Suite 2700
Houston, TX 77002
P: 713-221-3799
F: 713-333-6035
E: Nick.Lawson@mhllp.com
   Avi.Moshenberg@mhllp.com
   Matthew.Caldwell@mhllp.com
**ATTORNEYS FOR PLAINTIFF**

By:   /s/ *Paul Hammer*
       Paul Hammer